# Your Missouri Courts

ase.net

Search for Cases by:  Select Search Method...  ▼

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print                     Logon

**19SL-CC01864 - RICHARD SADDLER V CARVANA, LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Sort Date Entries:** ○ Descending  ○ Ascending          **Display Options:** All Entries ▼

---

**06/03/2019**     **Certificate of Service**
       **Filed By:** RICHARD SADDLER

**05/28/2019**     **Notice of Hearing Filed**
       **Filed By:** RICHARD SADDLER

    **Memorandum Filed**
MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER
       **Filed By:** RICHARD SADDLER

    **Mot for Temp Restraining Order**
       **Filed By:** RICHARD SADDLER

**05/24/2019**     **Memorandum Filed**
Carvanas Memorandum in Opposition to Plaintiffs Motion for Temporary Restraining Order.
       **Filed By:** WILLIAM ALLEN BRASHER
       **On Behalf Of:** CARVANA, LLC

    **Motion Hearing Scheduled**
       **Scheduled For:** 06/18/2019;  10:30 AM ;  STANLEY JAMES WALLACH;  St Louis County

    **Hearing Continued/Rescheduled**
       **Hearing Continued From:** 05/24/2019;  9:00 AM Hearing

    **Order**
PLAINTIFF'S MOTION FOR TRO CALLED AND ARGUED. COURT FINDS THAT DEFENDANT WAS NOT GIVEN PROPER NOTICE OF THE HEARING IN DIV. 17, WHICH ISSUED THE TRO DATED ON MAY 16, 2019 NOR WAS DEFENDANT SERVED WITH THE TRO. SO ORDERED: JUDGE STANLEY WALLACH

**05/23/2019**     **Entry of Appearance Filed**
Entry of Appearance.
       **Filed By:** WILLIAM ALLEN BRASHER
       **On Behalf Of:** CARVANA, LLC

**05/20/2019**     **Hearing Scheduled**
       **Associated Entries: 05/24/2019 - Hearing Continued/Rescheduled**
       **Scheduled For:** 05/24/2019;  9:00 AM ;  STANLEY JAMES WALLACH;  St Louis County

**05/16/2019**     **Notice of Hearing Filed**
       **Filed By:** RICHARD SADDLER

**05/13/2019**     **Receipt Filed**



EXHIBIT
**C**

**Filing:**

PLTP'S SERVICE INSTRUCTIONS

**Confid Filing Info Sheet Filed**

**Pet Filed in Circuit Ct**

**Judge Assigned**

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| **RICHARD SADDLER** | ) | |
| | ) | Cause No. *19SL-CCO1864* |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CARVANA, LLC** | ) | Division: *12* |
| | ) | |
| **Defendant.** | ) | |

**FILED**

MAY 1 3 2019

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

## PETITION

Comes now, Plaintiff Richard Saddler (Mr. Saddler) against Defendants Carvana, LLC (Carvana) alleges and avers as follows:

### NATURE OF CASE

1. This case is an action for damages and other relief arising from a fraudulent sale of an automobile from Carvana, LLC to Mr. Saddler. Mr. Saddler signed an installment sales contract to purchase the car, however, the sales was void and fraudulent *ab initio* by operation of law, as Carvana, LLC failed to provide Mr. Saddler with a certificate of title in violation of *RSMO 301.210.*

### PARTIES

2. Plaintiff Richard Saddler is a natural person and a resident of St. Louis County, Missouri.

3. Defendant Carvana, LLC is a corporation licensed to do business in the State of Missouri, and whose principal business operation consists of retailing used cars online and also offer financing through a related party.

### JURISDITION AND VENUE

4. This court has jurisdiction over this matter pursuant to Article V, Section 14 of the Missouri Constitution.

5. Venue is proper in this Court, since the events giving rise to this case occurred at my residence, 413 Genoa Dr. Manchester, Missouri, in St. Louis County, Missouri.

### FACTUAL ALLEGATIONS

6. Mr. Saddler was in the market for a used vehicle and utilized the Carvana's website to search and find a vehicle that fit his specifications.

7. He then applied for financing through Carvana's related party finance company and was approved to finance $26,489.02, which included the sales price of the vehicle, TAVT tax, license fee, vehicle protection and GAP coverage, plus interest rate of 12.64%.

8. On or about September 21, 2018 Mr. Saddler was delivered a 2015 GMC Terrain, at his residence 413 Genoa Dr. Manchester Missouri.  At the time of delivery Mr. Saddler received the automobile and signed final documents acknowledging and accepting delivery.

9. Mr. Saddler also signed a retail installment contract, security agreement, Carvana care agreement, and credit reporting notice, odometer disclosure statement, GAP addendum to retail installment contract, and an arbitration agreement.

10. Neither at the time of the sale on September 21, 2018, nor at any time since did Defendant provide Mr. Saddler with a title to the vehicle, as required by Missouri Law.

11. Within approximately forty five days after the sale (before the temporary tags were set to expire) Mr. Saddler was forced to obtain an emissions inspection and odometer reading and email it to Carvana for Mr. Saddler to receive the title to the vehicle and the registered license plates.

12. At the expense of Mr. Saddler he got emissions inspection and odometer reading completed multiple times. It was an expense that Carvana stated that they would take care of. Additionally, he emailed Carvana the passing emissions results on November 1, 2018 at 11:33am of which was completed by his local GMC Bommarito Dealership. Carvana confirmed receipt of said email with the attached emissions results on November 1, 2018 at 5:22pm.

13. Mr. Saddler was later informed that the third party processing company was unable to process the required title and registration due to the fact that the email was a copy and were requesting the original emissions inspection and odometer reading issued by State of Missouri. The Dealer can only issue copies on their letter head. Not on State leterhead.

14. Since September 2018, Mr. Saddler has made monthly payments of $527, totaling to date approximately $4,216, all of which have been payments towards a car he does not legally even own.

15. In an email dated April 24, 2019 Carvana threatens that if Mr. Saddler does not contact Carvana within five days then they "or we may have to retake it." Meaning my car..

16. In addition, Mr. Saddler has suffered additional damages due to this transaction, including being pulled over multiple times for driving without properly registered license plates. Which makes him fearful of his and his family's life in having to deal with a possible hostile Police Officer that have cause to pull him over due to Carvana's illegal business practices.

17. Mr. Saddler has also suffered substantial damages resulting from his loss of time, inconvenience, annoyance, embarrassment, and other such damages, resulting from the void sale and subsequent failure to take any action to remedy it.

18. The actions of the Defendants, as described herein, were outrageous because of the Defendant's evil motif or reckless indifference to Plaintiff's right and the rights of others such that the Plaintiff is entitled to an additional amount as punitive damages in a sum sufficient to punish Defendants and to deter Defendants and others from like conduct.

## COUNT I – FRAUD

COMES NOW Plaintiff and for Count I of his Petition against Defendants, states and alleges as follows:

19. Plaintiff incorporates herein all preceding paragraphs as though fully set forth herein.

20. *RSMO 301.210.4* declares that the sale of a motor vehicle without transfer of title is fraudulent.

21. Defendant Carvana sold, or purported to sell, the vehicle to Mr. Saddler and did not transfer the title; therefore, the transaction constituted fraud as a matter of law.

22. Due to the Defendant's sophistication in clear knowledge of the laws in the State of Missouri, the Defendant should not have asked Mr. Saddler to obtain the emissions inspection and odometer reading. Due to Mr. Saddler's lack of sophistication he was unaware of the rules and laws that surround buying and selling a car in the State of Missouri.

23. Despite having long been on notice of this fraud, including via mail, phone calls and emails from Mr. Saddler, and the Attorney General of Missouri on multiple occasions.

WHEREFORE, Plaintiff prays for an award of his actual damages, punitive damages in amounts that are fair and reasonable, for an order declaring the contract void and rescinding the transaction, for the costs of this action, and for such other and further relief as this Court deems just and proper.

## COUNT II VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiff and for Count II of his Petition against Defendants, states and alleges as follows:

24. Plaintiff incorporates herein all preceding paragraphs as though fully set forth herein.

25. The Missouri Merchandising Practices Act, 407.010 et seq. prohibits unfair and deceptive acts and practices in the sale of goods and services of Missouri.

26. The sale or purported sale of the GMC by Carvana to Mr. Saddler was a sale for purposes of the MPA, and the sale was primarily for personal, family, or household purposes.

27. In connection with the sales transaction, Defendant Carvana committed the following unfair or deceptive acts and practices:

   a. Sale of the motor vehicle without a certificate of title, which is a violation of *RSMO 301.210.*, and was thus a per se unfair or deceptive act or practice.
   b. Selling Mr. Saddler a car that could not and did not pass Missouri state vehicle inspection at the time of the sale.
   c. Charging Mr. Saddler exorbitant fees for services of little or no value, including an extended warranty and GAP coverage.

28. Defendant Carvana has further violated the MPA by refusing and continuing to refuse to tender a certificate of title to Mr. Saddler.

29. Pursuant to RSMO. 407.025, this Court may award Mr. Saddler his actual damages, punitive damages, equitable relief, attorneys fees, and the costs of this action.

WHEREFORE, Plaintiff prays this Court declare the purported sale void and rescinded, award Mr. Sadder his actual damages, punitive damages in amounts that are fair and reasonable, his reasonable attorneys fees, and the costs of this action.

Respectfully submitted,

Richard Saddler
Pro se Plaintiff

Subscribed and sworn to before me this **13** day of **May**, **19**.

Notary Public or Clerk

ELIZABETH J. FISCHER
My Commission Expires
March 27, 2021
St. Louis City
Commission #13407834

## CERTIFICATE OF SERVICE

On this 13th day of May, 2019, a copy of the attached Motion were FedEx to Defendant and

hand deliver to the Clerk of Court, to the following addresses respectfully:

Carvana, LLC
1930 W Rio Salado Parkway
Tempe, AZ 85281

and

St. Louis County Clerk of Court
105 South Central Avenue
Clayton, MO 63105

**IN THE**
# CIRCUIT COURT
**OF SAINT LOUIS COUNTY, MISSOURI**



Richard Saddler
Plaintiff(s)

vs.

Carvana, LLC
Defendant(s)

Date 5/13/2019

Case Number 19SL-CC01864

Division 12

For File Stamp Only

# FILED

MAY 1 3 2019

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

## SERVICE INSTRUCTIONS

Defendant Name: Carvana, LLC
Address: 1930 W Rio Salado Parkway
City, State, & ZIP: Tempe, AZ 85281

Defendant Name:
Address:
City, State, & ZIP:

Defendant Name:
Address:
City, State, & ZIP:

Richard Saddler                    Pro Se
Plaintiff(s)/~~Attorney~~          ~~Bar No.~~
413 Genoa Dr.
Address
Manchester, MO. 63021
310-428-2110
Phone Number

```
        OFFICE OF THE CIRCUIT CLERK          Invoice No: 276393
        CIRCUIT COURT OF ST.LOUIS CO              Date: 05/13/19
         105 SOUTH CENTRAL AVENUE
            CLAYTON, MO  63105                    Page: 1
              314-615-8035
```

```
                                        Customer No: 11
                                          Phone No:

     RICHARD SADDLER
```

```
   Cust. Order #: 19SL-CC01864         Salesperson: #23 - DOMINIQUE
```

| Product Code | Item Description | Qty | Unit Price | Amount |
|---|---|---|---|---|
| 110 | CIVIL & EQUITY FILING | 1 | 105.50 | 105.50 |

```
                                       Sub-Total:      105.50
                                             :
                                        Shipping:        0.00
                                      Tax [   0]:    EXEMPT *
                                       =======================
                                          Total:      105.50
                                             :         105.50
                                       =======================
     T h a n k                       Amount Paid:      105.50
     Y o u                            Amount Due:        0.00
                                         Change:        0.00
```

# FILED

MAY 1 3 2019

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY



IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

STATE OF MISSOURI

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2019 MAY 16 P 3:49

| | | |
|---|---|---|
| **RICHARD SADDLER** | ) | JOAN M. GILMER |
| **PLANTIFF,** | ) | Cause No. CIRCUIT CLERK |
| | | 19SL-CC00894 |
| **VS** | ) | |
| | ) | |
| **CARVANA, LLC** | ) | Division: 12 |
| **DEFENANT,** | ) | |

<u>Notice of hearing</u> May 24, 2019

Comes now Richard Saddler, and his requested for hearing to be on the record for the
following motions:
Plaintiffs Petition and TRO

Richard Saddler

413 Genoa Dr.

Manchester, MO 63021

Phone: 310-428-2110

Richard Saddler

_____

Subscribed and sworn to before me this 13 day of May

_____
Notary Public or Clerk

NOTARY PUBLIC
NOTARY
SEAL
STATE OF MISSOURI

ELIZABETH J. FISCHER
My Commission Expires
March 27, 2021
St. Louis City
Commission #13407834

## CERTIFICATE OF SERVICE

On this 13th day of May, 2019, a copy of the attached Notice were FedEx to Defendant and hand

deliver to the Clerk of Court, to the following addresses respectfully:

>       Carvana, LLC
>       1930 W Rio Salado Parkway
>       Tempe, AZ 85281

and

>       St. Louis County Clerk of Court
>       105 South Central Avenue
>       Clayton, MO  63105

Electronically Filed - St Louis County - May 23, 2019 - 04:26 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

RICHARD SADDLER,             )
                                   )
      Plaintiff,             )
                                   )    Cause No. 19SL-CC01864
vs.                               )
                                 )    Division: 12
CARVANA, LLC,            )
                                 )
      Defendant.       )

## ENTRY OF APPEARANCE

COMES NOW William A. Brasher of Boyle Brasher LLC and enters his appearance on behalf of Carvana, LLC in this matter.

Respectfully submitted,

**BOYLE BRASHER LLC**

/s/ William A. Brasher

William A. Brasher, #30155
1010 Market Street, Ste. 950
St. Louis, Missouri 63104
P: (314) 621-7700
F: (314) 621-1088
wbrasher@boylebrasher.com

*Attorneys for Defendant*
*Carvana, LLC*

Electronically Filed - St Louis County - May 23, 2019 - 04:26 PM

**CERTIFICATE OF SERVICE**

     I hereby certify that on **May 23, 2019** the foregoing was electronically filed with the County of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to all parties. This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

                                 BY:   /s/ William A. Brasher

**In the**
# CIRCUIT COURT
**of St. Louis County, Missouri**

Richard Saddler
_____
Plaintiff(s)

vs.

Carvanna, LL.P.
_____
Defendant(s)

5-24-19
_____
Date

19SL-CC01864
_____
Case Number

12
_____
Division

**FILED**

MAY 24 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

For File Stamp Only

Plaintiff's MOTION FOR TRO called and argued.
Court finds that Defendant was NOT given proper
notice of the hearing in Division 17 which issued
the TRO dated on May 16, 2019 nor was defendant
served with the TRO.

Plaintiff's motion continued to date to be agreed
by the parties.

**SO ORDERED**

_____
Judge

**ENTERED:** _____
(Date)

Rick Saddler
_____
Attorney                    Bar No.

413 Genou Dr Ballwan 63051
_____
Address

310-428-2110
_____
Phone No.                   Fax No.

Atty for Carvana LLC
_____
Attorney                    Bar No.

H 30155    314 621-7700
_____
Address

_____
Phone No.                   Fax No.

CCOPR47-WS   Rev. 02/14

**In the**
# CIRCUIT COURT
### of St. Louis County, Missouri

Plaintiff(s): Richard Saddler

Date: 5-24-19

FILED

MAY 24 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

vs.

Case Number: 19SL-cc01864

Defendant(s): Caruwa LLC

Division: 12

For File Stamp Only

Plaintiff's Motion For TRO set for
hearing June 18th, 2019 @ 10:30 a.m

**SO ORDERED**

Judge

**ENTERED:** _____
(Date)

CCOPR47-WS   Rev. 02/14

3055

Attorney: For Caruwa LLC     Bar No.
314 6217700
Address: Rick Saddler
Phone No.     Fax No.
43 Genon Dr Ballwin
Attorney: 310-425-7110     Bar No.
Address

Phone No.     Fax No.

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

RICHARD SADDLER,                    )
                                    )
        Plaintiff,                  )
                                    )        Cause No. 19SL-CC01864
vs.                                 )
                                    )        Division: 12
CARVANA, LLC,                       )
                                    )
        Defendant.                  )

## CARVANA, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW Carvana, LLC ("Carvana"), by and through its counsel, Boyle Brasher LLC, and for its Memorandum in Opposition to Plaintiff's Motion for Temporary Restring Order states as follows:

Plaintiff's request for a Temporary Restraining Order (TRO) arises out of a retail installment contract for the purchase of a vehicle from Carvana and Carvana's efforts to issue a title to Plaintiff. Despite repeated requests to Plaintiff to provide it with the **original** emissions test report which is required under Missouri law to register and issue a title for the vehicle, Plaintiff has refused to provide the **original**.[1] Upon receipt of the **original** emissions test, a title can be provided to plaintiff. It is the failure of Plaintiff to provide the **original** of the emissions test report that has delayed the issuance of the title.  Indeed, Carvana provided Plaintiff with three (3) pre-paid FedEx return envelopes to return the **original** emissions test report so that the vehicle could be properly registered and titled in this State as well as a rental car for him to utilize during this process.  Plaintiff failed to return the **original** emissions test report, as he was required to do.[2] Because of the failure to provide the **original** of the emissions test report,

---

[1] Plaintiff insisted on performing the emissions testing procedure himself when the vehicle was delivered to him in September of 2018.

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

Carvana advised Plaintiff that if he did not provide the requested documents to return the vehicle and if the vehicle was not returned "Carvana may have to retake the vehicle." Plaintiff's motion seeks to preclude Carvana from "retaking Plaintiff's vehicle."

Plaintiff's Motion for Temporary Restraining Order should be denied. Plaintiff has not alleged any facts in his unverified Motion for Temporary Restraining Order nor in his verified Petition (Exhibit 1) which he refers to in his request for a TRO (Exhibit 2) which entitle him to a TRO.

A TRO, like an injunction is an extraordinary and harsh remedy and should not be employed where there is an adequate remedy at law. *Goerlitz v City of Maryville*, 333 S.W.3d 450, 455 (Mo. banc 2011). To obtain a TRO Plaintiff must demonstrate that (1) he has no adequate remedy at law; and (2) irreparable harm will result if the TRO is not granted. *City of Greenwood v. Marietta Materials, Inc.*, 311 S.W.3d 258, 265 (Mo. App. W.D. 2010). A TRO will not be granted where there is a remedy at law. *Eberle v. State*, 779 S.W.2d 302, 304 (Mo. App. E.D. 1989).

Plaintiff's Petition clearly demonstrates he has adequate remedy at law should Carvana elect to reacquire the vehicle purchased from it as it is entitled to do under the retail installment contract. Plaintiff has alleged damage claims in Count I, Fraud, as follows:

> Wherefore Plaintiff prays for an award of his actual damages, punitive damages in amounts that are fair and reasonable, for an order declaring the contract void and rescinding the transaction, for the costs of this action, and for such other and further relief as this Court deems just and proper.

---

[2] Carvana subsequently cancelled its complementary rental car when it became evident that Plaintiff was undertaking no steps to comply with his obligations under the retail installment contract.

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

In Count II, Violation of the Missouri Merchandising Practices Act, Plaintiff alleges the Plaintiff is entitled to "…actual damages, punitive damages, equitable relief, attorneys [sic] fees, and costs…".  Plaintiff has alleged damage claims in Count II, as follows:

> Wherefore Plaintiff prays this Court declare the purported sale void and rescinded, award Mr. Saddler his actual damages, punitive damages in amounts that are fair and reasonable, his reasonable attorneys [sic] fees, and the costs of this action.

In both Counts I and II the equitable relief which Plaintiff seeks is an "order declaring the contract void and rescinding the transaction for the sale of the vehicle," in Count I.  In Count II, Plaintiff requests that "the purported sale be void and rescinded…".

Additionally, Plaintiff's request for a TRO is inconsistent with his request to rescind the contract of sale for the vehicle.

Plaintiff's draft TRO Order (Exhibit 3) actually seeks to compel Carvana LLC to:

> harass or offer threats to take any property belonging to Mr. Saddler, not limited to the 2015 GMC Terrain Denali the Defendant sold to Saddler.

Despite the apparent misstatement in the draft Order, Plaintiff's request to rescind the sales agreement requested in the Petition he purports to incorporate in his unverified request for a TRO further confirms he has an adequate remedy at law and will suffer no irreparable harm by denial of his TRO.

Plaintiff's Petition which seeks monetary damages and request to rescind the sales agreement is to preclude Defendant from reacquiring the vehicle is inconsistent with his request for a TRO. Additionally, Carvana has no intention of reacquiring the vehicle provided Plaintiff cures any default in his monthly payments[3] and provides the documentation necessary to issue title to the vehicle to Plaintiff.

---

[3] Plaintiff is, in fact, in default under the retail installment contract as he failed to make his monthly payment of $527.00 for the month of May 2019.

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

Finally, in order to obtain a TRO, Plaintiff must establish a reasonable probability of success on the merits of his claim. Plaintiff's reliance on R.S.Mo. § 310.210.4 in Count I and Count II provides no support for Plaintiff's claims. The unambiguous language of this statute makes clear that it only applies to the "sale or transfer of ownership of a motor vehicle . . . **for which a certificate of ownership has been issued**. . ." § 310.210.1 R.S.Mo.  The vehicle sold to Plaintiff was previously registered and titled in New York, not Missouri.   Therefore, no certificate of ownership exists, and Section 310.210 does not apply to these circumstances and provides Plaintiff with no avenue for relief.   Furthermore, in order to obtain a certificate of ownership, which is necessary to register the vehicle in this State (and therefore to title it in this state), an applicant **must** submit an emissions test report pursuant to R.S.Mo. § 301.190.10.  Put simply, Plaintiff has no reasonable probability – no probability whatsoever – of success on the merits of his claim, and his request for a TRO should be denied.  *State ex rel. Dir. of Revenue, State of Mo. v. Gabbert*, 825 S.W.2d 838 (Mo. banc 1996).

WHEREFORE, Defendant respectfully request Plaintiff's Motion for Temporary Restraining Order be denied and that it be granted such other relief the Court deems just and proper.

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

Respectfully submitted,

**BOYLE BRASHER LLC**

/s/ William A. Brasher

William A. Brasher, #30155
1010 Market Street, Ste. 950
St. Louis, Missouri 63104
P: (314) 621-7700
F: (314) 621-1088
wbrasher@boylebrasher.com

*Attorneys for Defendant*
*Carvana, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 24, 2019** the foregoing was electronically filed with the County of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to all parties. This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

BY:   /s/ William A. Brasher

Electronically Filed - St. Louis County - May 24, 2019 - 03:57 PM

EXHIBIT
1

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| **RICHARD SADDLER** | ) | |
| | ) | Cause No. *19SL-CC01864* |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CARVANA, LLC** | ) | Division: *12* |
| | ) | |
| **Defendant.** | ) | |

**FILED**

MAY 1 3 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

### PETITION

Comes now, Plaintiff Richard Saddler (Mr. Saddler) against Defendants Carvana, LLC
(Carvana) alleges and avers as follows:

### NATURE OF CASE

1. This case is an action for damages and other relief arising from a fraudulent sale of an
   automobile from Carvana, LLC to Mr. Saddler.  Mr. Saddler signed an installment sales
   contract to purchase the car, however, the sales was void and fraudulent *ab initio* by
   operation of law, as Carvana, LLC failed to provide Mr. Saddler with a certificate of title
   in violation of *RSMO 301.210.*

### PARTIES

2. Plaintiff Richard Saddler is a natural person and a resident of St. Louis County, Missouri.

3. Defendant Carvana, LLC is a corporation licensed to do business in the State of Missouri,
   and whose principal business operation consists of retailing used cars online and also offer
   financing through a related party.

### JURISDITION AND VENUE

4. This court has jurisdiction over this matter pursuant to Article V, Section 14 of the
   Missouri Constitution.

5. Venue is proper in this Court, since the events giving rise to this case occurred at my
   residence, 413 Genoa Dr. Manchester, Missouri, in St. Louis County, Missouri.

### FACTUAL ALLEGATIONS

6. Mr. Saddler was in the market for a used vehicle and utilized the Carvana's website to
   search and find a vehicle that fit his specifications.

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

7.  He then applied for financing through Carvana's related party finance company and was approved to finance $26,489.02, which included the sales price of the vehicle, TAVT tax, license fee, vehicle protection and GAP coverage, plus interest rate of 12.64%.

8.  On or about September 21, 2018 Mr. Saddler was delivered a 2015 GMC Terrain, at his residence 413 Genoa Dr. Manchester Missouri.  At the time of delivery Mr. Saddler received the automobile and signed final documents acknowledging and accepting delivery.

9.  Mr. Saddler also signed a retail installment contract, security agreement, Carvana care agreement, and credit reporting notice, odometer disclosure statement, GAP addendum to retail installment contract, and an arbitration agreement.

10. Neither at the time of the sale on September 21, 2018, nor at any time since did Defendant provide Mr. Saddler with a title to the vehicle, as required by Missouri Law.

11. Within approximately forty five days after the sale (before the temporary tags were set to expire) Mr. Saddler was forced to obtain an emissions inspection and odometer reading and email it to Carvana for Mr. Saddler to receive the title to the vehicle and the registered license plates.

12. At the expense of Mr. Saddler he got emissions inspection and odometer reading completed multiple times. It was an expense that Carvana stated that they would take care of. Additionally, he emailed Carvana the passing emissions results on November 1, 2018 at 11:33am of which was completed by his local GMC Bommarito Dealership. Carvana confirmed receipt of said email with the attached emissions results on November 1, 2018 at 5:22pm.

13. Mr. Saddler was later informed that the third party processing company was unable to process the required title and registration due to the fact that the email was a copy and were requesting the original emissions inspection and odometer reading issued by State of Missouri. The Dealer can only issue copies on their letter head. Not on State leterhead.

14. Since September 2018, Mr. Saddler has made monthly payments of $527, totaling to date approximately $4,216, all of which have been payments towards a car he does not legally even own.

15. In an email dated April 24, 2019 Carvana threatens that if Mr. Saddler does not contact Carvana within five days then they "or we may have to retake it." Meaning my car..

16. In addition, Mr. Saddler has suffered additional damages due to this transaction, including being pulled over multiple times for driving without properly registered license plates. Which makes him fearful of his and his family's life in having to deal with a possible hostile Police Officer that have cause to pull him over due to Carvana's illegal business practices.

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

17. Mr. Saddler has also suffered substantial damages resulting from his loss of time, inconvenience, annoyance, embarrassment, and other such damages, resulting from the void sale and subsequent failure to take any action to remedy it.

18. The actions of the Defendants, as described herein, were outrageous because of the Defendant's evil motif or reckless indifference to Plaintiff's right and the rights of others such that the Plaintiff is entitled to an additional amount as punitive damages in a sum sufficient to punish Defendants and to deter Defendants and others from like conduct.

## COUNT I – FRAUD

COMES NOW Plaintiff and for Count I of his Petition against Defendants, states and alleges as follows:

19. Plaintiff incorporates herein all preceding paragraphs as though fully set forth herein.

20. *RSMO 301.210.4* declares that the sale of a motor vehicle without transfer of title is fraudulent.

21. Defendant Carvana sold, or purported to sell, the vehicle to Mr. Saddler and did not transfer the title; therefore, the transaction constituted fraud as a matter of law.

22. Due to the Defendant's sophistication in clear knowledge of the laws in the State of Missouri, the Defendant should not have asked Mr. Saddler to obtain the emissions inspection and odometer reading.  Due to Mr. Saddler's lack of sophistication he was unaware of the rules and laws that surround buying and selling a car in the State of Missouri.

23. Despite having long been on notice of this fraud, including via mail, phone calls and emails from Mr. Saddler, and the Attorney General of Missouri on multiple occasions.

WHEREFORE, Plaintiff prays for an award of his actual damages, punitive damages in amounts that are fair and reasonable, for an order declaring the contract void and rescinding the transaction, for the costs of this action, and for such other and further relief as this Court deems just and proper.

## COUNT II VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiff and for Count II of his Petition against Defendants, states and alleges as follows:

24. Plaintiff incorporates herein all preceding paragraphs as though fully set forth herein.

25. The Missouri Merchandising Practices Act, 407.010 et seq. prohibits unfair and deceptive acts and practices in the sale of goods and services of Missouri.

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

26. The sale or purported sale of the GMC by Carvana to Mr. Saddler was a sale for purposes of the MPA, and the sale was primarily for personal, family, or household purposes.

27. In connection with the sales transaction, Defendant Carvana committed the following unfair or deceptive acts and practices:

   a. Sale of the motor vehicle without a certificate of title, which is a violation of *RSMO 301.210.*, and was thus a per se unfair or deceptive act or practice.
   b. Selling Mr. Saddler a car that could not and did not pass Missouri state vehicle inspection at the time of the sale.
   c. Charging Mr. Saddler exorbitant fees for services of little or no value, including an extended warranty and GAP coverage.

28. Defendant Carvana has further violated the MPA by refusing and continuing to refuse to tender a certificate of title to Mr. Saddler.

29. Pursuant to RSMO. 407.025, this Court may award Mr. Saddler his actual damages, punitive damages, equitable relief, attorneys fees, and the costs of this action.

WHEREFORE, Plaintiff prays this Court declare the purported sale void and rescinded, award Mr. Sadder his actual damages, punitive damages in amounts that are fair and reasonable, his reasonable attorneys fees, and the costs of this action.

Respectfully submitted,

_____
Richard Saddler
Pro se Plaintiff

Subscribed and sworn to before me this 13 day of May, 19.

_____
Notary Public or Clerk

ELIZABETH J. FISCHER
My Commission Expires
March 27, 2021
St. Louis City
Commission #13407834

NOTARY PUBLIC
NOTARY SEAL
STATE OF MISSOURI

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

## CERTIFICATE OF SERVICE

On this 13th day of May, 2019, a copy of the attached Motion were FedEx to Defendant and

hand deliver to the Clerk of Court, to the following addresses respectfully:

Carvana, LLC
1930 W Rio Salado Parkway
Tempe, AZ 85281

and

St. Louis County Clerk of Court
105 South Central Avenue
Clayton, MO  63105

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

EXHIBIT
**2**

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

RICHARD SADDLER      )
                        )
      **Plaintiff,**      )
                        )     Cause No. 19SL-CC01864
v.                   )

CARVANA, LLC      )
                        )     Division: 12
      **Defendant.**      )

## MOTION FOR TEMPORARY RESTRAINING ORDER

Comes now, Plaintiff Richard Saddler against Defendant Carvana, LLC (Carvana) and or any of its affiliates alleges and avers as follows:

Plaintiff Richard Saddler, (Saddler) moves this Court, pursuant to Rule 92.02 of the Missouri Supreme Court Rules, for an Order temporarily enjoining Defendant Carvana, LLC and or its affiliates ("Defendant") in connection with a threatening email to take Saddler's car because of their decision not to follow the rules here in Missouri as an Automobile Dealer. Carvana has had almost 9months to deliver Saddler the proper titling paperwork so Saddler may register and licenses the car he purchased from Carvana in September of 2018.

Specifically, Saddler moves this Court for a temporary restraining order which compels Defendant Carvana, LLC or any of its affiliates from:

    a)  Refrain from taking Saddler's 2015 GMC Terrain Denali without courts permission.

In support of its Motion, Saddler relies upon and incorporates by reference herein the allegations and arguments set forth in (a) Saddler's Verified Petition and (b) the Memorandum in Support of Saddler's Motion for a Temporary Restraining Order.

    **WHEREFORE**, for the reasons set forth in this Motion, the related Memorandum in Support, and Verified Petition, Saddler respectfully requests that this Court grant its Motion for a Temporary Restraining Order and enter Saddler's proposed Order, which is attached hereto as Exhibit

                       Respectfully submitted,

                       Richard Saddler
                       Pro Se Plaintiff

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

**CERTIFICATE OF SERVICE**

On this 13th day of May, 2019, a copy of the attached Motion were FedEx to Defendant and

hand deliver to the Clerk of Court, to the following addresses respectfully:

       Carvana, LLC
       1930 W Rio Salado Parkway
       Tempe, AZ 85281
and

       St. Louis County Clerk of Court
       105 South Central Avenue
       Clayton, MO  63105

Electronically Filed - St Louis County - May 24, 2019 - 03:57 PM

**EXHIBIT**
**3**

# IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

RICHARD SADDLER            )
                           )          Cause No. 19SL-CC01864
            Plaintiff,     )
                           )
v.                         )
                           )
CARVANA, LLC               )          Division: 12
                           )
            Defendant.     )

## TEMPORARY RESTRAINING ORDER

This matter comes before the Court on the motion for temporary restraining order of Plaintiff Saddler against Defendant Carvana, LLC. Based upon the argument of Plaintiff and the evidence adduced, the Court is of the opinion that such injunction should be granted.

It is therefore ORDERED, ADJUDGED and DECREED that Defendant, and all others in active concert with Carvana, are hereby compelled to directly or indirectly:

   1) Harass or threating to take any property belonging to Mr. Saddler, not limited to the 2015 GMC Terrain Denali the defendant sold to Saddler.

IT IS FURTHER ORDERED that any violation of this Order will subject Defendant to Sanctions.

IT IS FURTHER ORDERED that bond is set at $500.00

IT IS FURTHER ORDERED that this Order shall expire in fifteen (15) days of its entry, unless further extended by the Court.

IT IS FURTHER ORDERED that the Court shall hold a hearing on Plaintiffs' motion/petition on May 24, 2019 at 9am.

By:_____

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2019 MAY 28  P 3: 49

| | | |
|---|---|---|
| **RICHARD SADDLER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Cause No. 19 SL-CC 01664 |
| v. | ) | JOAN M. GILMER |
| | ) | CIRCUIT CLERK |
| **CARVANA, LLC** | ) | |
| | ) | Division: 12 |
| **Defendant.** | ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Comes now, Plaintiff Richard Saddler against Defendant Carvana, LLC (Carvana) and or any of its affiliates alleges and avers as follows:

Plaintiff Richard Saddler, (Saddler) moves this Court, pursuant to Rule 92.02 of the Missouri Supreme Court Rules, for an Order temporarily enjoining Defendant Carvana, LLC and or its affiliates ("Defendant") in connection with a threatening email to take Saddler's car because of their decision not to follow the rules here in Missouri as an Automobile Dealer. Carvana has had almost 9months to deliver Saddler the proper titling paperwork so Saddler may register and licenses the car he purchased from Carvana in September of 2018.

Specifically, Saddler moves this Court for a temporary restraining order which compels Defendant Carvana, LLC or any of its affiliates from:

   a) Refrain from taking Saddler's 2015 GMC Terrain Denali without courts permission.

In support of its Motion, Saddler relies upon and incorporates by reference herein the allegations and arguments set forth in (a) Saddler's Verified Petition and (b) the Memorandum in Support of Saddler's Motion for a Temporary Restraining Order.

   **WHEREFORE**, for the reasons set forth in this Motion, the related Memorandum in Support, and Verified Petition, Saddler respectfully requests that this Court grant its Motion for a Temporary Restraining Order and enter Saddler's proposed Order, which is attached hereto as Exhibit

Respectfully submitted,

Richard Saddler
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

On this 13th day of May, 2019, a copy of the attached Motion were FedEx to Defendant and

hand deliver to the Clerk of Court, to the following addresses respectfully:

    Carvana, LLC
    1930 W Rio Salado Parkway
    Tempe, AZ 85281

and

    St. Louis County Clerk of Court
    105 South Central Avenue
    Clayton, MO  63105

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

**RICHARD SADDLER**              )
                        )        Cause No.    19SL-CC01864
        **Plaintiff,**              )
                        )
**v.**              )
                        )
**CARVANA, LLC**              )        Division:  17
                        )
        **Defendant.**              )

## TEMPORARY RESTRAINING ORDER

This matter comes before the Court on the motion for Temporary Restraining Order (TRO) of Plaintiff Saddler against Defendant Carvana, LLC and any and all affiliates. Based upon the argument of Plaintiff and the evidence adduced, the Court is of the opinion that such injunction should be granted.

Plaintiff Saddler is suffering and will continue to suffer irreparable harm from defendant's conduct if TRO isn't granted. *THE COURT ALSO FINDS THAT PLAINTIFF HAS MADE EVERY REASONABLE ATTEMPT TO PROVIDE TITLE NOTICE* It is therefore ORDERED, ADJUDGED and DECREED that Defendant, and all others in *REQUIRED* active concert with Carvana, are hereby compelled to directly or indirectly: *including but BY* *REFRAIN FROM or actually taking* *not limited to the RULE* 

    1) Harass ~~or threating to take~~ any property belonging to Mr. Saddler, ~~not limited to the~~ *92.02* 2015 GMC Terrain Denali the defendant sold to Saddler.

IT IS FURTHER ORDERED that any violation of this Order will subject Defendant to Sanctions. *and/or contempt.*

IT IS FURTHER ORDERED that bond is set at $500.00

IT IS FURTHER ORDERED that this Order shall expire in fifteen (15) days of its entry, unless further extended by the Court.

IT IS FURTHER ORDERED that the Court shall hold a hearing on Plaintiffs' motion/petition on May 24, 2019 at 9am. Division 12.

By: _____  5/16/19
                                      3:30 Pm

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

RICHARD SADDLER            )
                           )
          Plaintiff,       )
                           )
v.                         )
                           )
CARVANA, LLC               )
                           )
          Defendant.       )

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2019 MAY 28  P 3: 49

Cause No. *19SL-CC01864*

JOAN M. GILMER
CIRCUIT CLERK

Division: *12*

## MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

1. Plaintiff Richard Saddler (SADDLER) Mr. Saddler was in the market for a used vehicle and utilized the Carvana's website to search and find a vehicle that fit his specifications. Defendant Carvana, LLC is a Licensed Automobile Dealer that sells used cars nationwide. At issue here, Saddler has requested on multiple occasions a certificate of title that Defendant, who sold Saddler a 2015 GMC Terrain Denali on September 21, 2018. Which is a violation under (*RSMO 301.210*)

## BACKGROUND

A detailed account of the facts underlying Saddler's claims against Defendant and requested Temporary Restraining Order are fully set forth in Saddler's Verified Petition and Other Relief ("Verified Petition"), incorporated herein by reference.

Temporary Restraining Orders are authorized by Rule 92.02(b) of the Missouri Rules of Civil of Procedure. The standards for granting TRO's are similar to the standards for granting a preliminary injunction. The Court should consider:

## THE RULE OF LAW

**92.02. Temporary Restraining Order - Notice - Preliminary Injunction - Bond - Form and Scope**

**(a) Temporary Restraining Order - With Notice.**

(1) *When Issued.* The court shall not grant a temporary restraining order unless the party seeking relief demonstrates that immediate and irreparable injury, loss, or damage will result in the absence of relief.

(2) *Proof Required.* A party seeking a temporary restraining order shall support that request with a verified petition or affidavit reciting the specific facts that support the showing required by Rule 92.02(a)(1).

(3) *Required Notice.* Except as provided in Rule 92.02(b), no temporary restraining order shall issue without reasonable notice at least twenty-four hours before the hearing on the motion to the party against whom relief is sought.

(4) *Form.* A temporary restraining order shall be endorsed with the date and hour of issuance, shall be filed forthwith in the clerk's office and entered of record, and shall set forth specific facts that support the showing required by Rule 92.02(a)(1).

(5) *Duration.* A temporary restraining order shall expire within such time after entry, not to exceed fifteen days, as the court fixes. The court may extend the order for additional periods, not to exceed fifteen days each, if the party seeking relief shows that the grounds specified in Rule 92.02(a)(1) continue to exist.

**(b) Temporary Restraining Order - Without Notice.**

(1) *When Issued.* A party seeking a temporary restraining order without notice shall make the showing required under Rule 92.02(a). The court shall not grant a temporary restraining order without prior notice to the party against whom relief is sought unless the party seeking relief establishes that notice cannot be given or notice would defeat the purpose of the order.

(2) *Proof Required.* A party seeking a temporary restraining order without notice shall file a verified petition or affidavit reciting the specific facts that support the showing required by Rule 92.02(b)(1).

(3) *Form.* A temporary restraining order granted without notice shall be endorsed with the date and hour of issuance, shall be filed forthwith in the clerk's office and entered of record, and shall set forth specific facts that support the showing required by Rule 92.02(b)(1). A temporary restraining order failing to set forth such specific facts is void ab initio.

(4) *Duration.* A temporary restraining order granted without notice shall expire within such time after entry, not to exceed ten days, as the court fixes. The court may extend the order for additional periods, not to exceed ten days each, after notice to the party against whom relief is sought. The court may dispense with such notice only if the party seeking relief establishes that notice cannot be given to the party against whom relief is sought or notice would defeat the purpose of the order.

(5) *When Set Aside.* On one day's notice to the party who obtained the temporary restraining order without notice, or on such shorter notice as the court may prescribe, the adverse party may appear and move to dissolve or modify the order. At the hearing, the burden shall be upon the party seeking the temporary restraining order to establish a right to relief.

(6) *Sanction for Failure to Provide Required Notice.* If the court finds that a party
obtaining a temporary restraining order without notice did not have a reasonable
basis to proceed without notice, the party shall be presumed to have acted in bad
faith and to have violated _____). The thirty-day provisions of _ule
5. _____ shall not apply to proceedings under this Rule 92.02(b)(6).

**(d) Bond.** No injunction or temporary restraining order, unless on final hearing or judgment,
shall issue in any case, except in suits instituted by the state in its own behalf, until the plaintiff,
or some responsible person for the plaintiff, shall have executed a bond with sufficient surety or
sureties to the other party, in such sum as the court shall deem sufficient to secure the amount or
other matter to be enjoined, and all damages that may be occasioned by such injunction or
temporary restraining order to the parties enjoined, or to any party interested in the subject matter
of the controversy, conditioned that the plaintiff will abide by the decision that shall be made
thereon and pay all sums of money, damages and costs that shall be adjudged if the injunction or
temporary restraining order shall be dissolved. In lieu of the bond the plaintiff may deposit with
the court such sum, in cash, as the court may require sufficient to secure such amount.

## ARGUMENT
### A. Saddler Is Suffering And Will Continue To Suffer Irreparable Harm From Defendant's Conduct.

Defendant's conduct has caused and continues to cause severe and irreparable injury to
Saddler and his family. On or about April 24, 2019 @8:33am Saddler received a threatening
email that clearly referenced the current Registration issue with Carvana.
(See attached exhibit A) The email stated in part, that if Saddler didn't contact Carvana by
4/29/19 he would have to return the car or they would come take it. It is clear now that Saddler
and the Missouri Attorney General have had several communications with Carvana. Saddler
has brought to light the fraudulent business practice of Carvana and its violations. Carvana has
tried to silence me with threating emails and phone calls including taking my car, because they
sold me a car in a manner which is illegal in Missouri.

### B. Saddler Is Likely To Succeed On The Merits Of Its Claim

*RSMO 301.210.4* declares that the sale of a motor vehicle without transfer of title is fraudulent.
Defendant Carvana sold, or purported to sell, the vehicle to Mr. Saddler and did not transfer the
title; therefore, the transaction constituted fraud as a matter of law. Due to the Defendant's
sophistication in clear knowledge of the laws in the State of Missouri, the Defendant should not
have asked Mr. Saddler to obtain the emissions inspection and odometer reading. Due to Mr.
Saddler's lack of sophistication he was unaware of the rules and laws that surround buying and
selling a car in the State of Missouri. Despite having long been on notice of this fraud, including
via mail, phone calls and emails from Mr. Saddler, and the Attorney General of Missouri on

multiple occasions.

**CONCLUSION**

For the reasons set forth above, Plaintiff Saddler respectfully requests this
Court issue a temporary restraining order compelling Defendant to: refrain from taking Plaintiffs
GMC Terrain until this court deems necessary.

Respectfully submitted

Richard Saddler

## CERTIFICATE OF SERVICE

On this 13th day of May, 2019, a copy of the attached Motion were FedEx to Defendant and

hand deliver to the Clerk of Court, to the following addresses respectfully:

Carvana, LLC
1930 W Rio Salado Parkway
Tempe, AZ 85281

and

St. Louis County Clerk of Court
105 South Central Avenue
Clayton, MO 63105

*Yahoo Mail - Final Notice: ^_Carvana^_ Title & Registration*

Exhibit A page 1 of 2

## Final Notice: ^_Carvana^_ Title & Registration

From:  Registration (registration@carvana.com)

To:  ricksaddler@yahoo.com

Date:  Wednesday, April 24, 2019, 8:33 AM CDT

April 24, 2019

Richard Saddler
413 Genoa Dr
Manchester, Missouri 63021

RE: Title and Registration

Dear Juan Jazmin,

We have attempted several times to contact you by phone, text and email regarding the title and registration of the vehicle you purchased from Carvana. Additional items are required to process your registration and it's important that we hear from you within 5 days of the date on this letter. If we have not received the items requested or contact from you by the below-mentioned expiration date, you will have to return the vehicle or we may have to retake it.

**Expiration**: 4/29/2019

We believe we can work together to resolve any issue(s) you may be having. Please contact our Post Sale Operations team at 844-507-3599 at your earliest convenience.

Sincerely,
Carvana Title and Registration
registration@carvana.com

*Exhibt A page 2 of 2*

## Re: Final Notice: ^_Carvana^_ Title & Registration

From:   ricksaddler@yahoo.com (ricksaddler@yahoo.com)

To:     registration@carvana.com; ricksaddler@yahoo.com

Cc:     nicholas.backes@ago.mo.gov

Date:   Wednesday, April 24, 2019, 8:57 AM CDT

I just tried to call you again, as I've try to do the same this past Monday.  I have over a 140 people in front of me as I have to wait on the line to communicate with you. Schedule a time setup a call if you truly want to take care of this before the April 29th.

Sent from Yahoo Mail for iPhone

> On Wed, Apr 24, 2019 at 8:51 AM, ricksaddler@yahoo.com
> <ricksaddler@yahoo.com> wrote:

> I want to make this unequivocally clear to Carvana and affiliate or anyone associated with. I have notified the
> local police department to let them know of what's going on with regards to the registration. And to threaten to
> come to my house and anywhere and now take the property in which I'm currently making monthly payments
> for because you could not follow the the Missouri rules is not going to be accepted. If I don't have my proper
> registration by the same date of the 29th of April I will file an action in court forcing you to do so. At this time I
> ask that Carvana and any and all Affiliates that have dealt with me through this process from acquisition to
> present preserve all recordings and all documents with regards to this account. I will follow this email up with a
> phone call right now. Thank you and I hope you would change your business practice and get this taken care
> of. I have cc'd the Attorney General in this message.

> Sent from Yahoo Mail for iPhone

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

STATE OF MISSOURI

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2019 MAY 28  P 3: 49

JOAN M. GILMER

| | | |
|---|---|---|
| **RICHARD SADDLER** | ) | |
| **PLANTIFF,** | ) | Cause No. 19SL-CC01864 CLERK |
| **VS** | ) | |
| | ) | |
| **CARVANA, LLC** | ) | Division: 17 |
| **DEFENDANT,** | ) | |

**Notice of hearing June 18 at 10:30am, Div. 12**

Comes now Richard Saddler, and his requested for hearing to be on the record for the
following motions, Plaintiffs TRO.

> *Rule 92.02.a(3) Required Notice. Except as provided in Rule 92.02(b), no
> temporary restraining order shall issue without reasonable notice at least twenty-
> four hours before the hearing on the motion to the party against whom relief is
> sought.*

Appearance is required by Defendant

Richard Saddler

413 Genoa Dr.

Manchester, MO 63021

Phone: 310-428-2110

Richard Saddler

/RS/

Certificate of Service

On this 28 day of May 2018 this motion was delivered by Email to The defendant attorney, William Brasher of Boyle Brasher Law firm.

wbrasher@boylebrasher.com

/RS/

Richard Saddler

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

CIRCUIT COURT OF
ST. LOUIS COUNTY

RICHARD SADDLER )
)
Plaintiff, )
)
v. )
)
CARVANA, LLC )
)
Defendant, )

Cause No. 19SL-CC01864

2019 JUN -3  A 8: 38

JOAN M. GILMER
CIRCUIT CLERK

Division: 12

Service For

<u>CERTIFICATE OF PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES DIRECTED
TO DEFENDANT</u>

Comes now on this 2nd day of June 2019, this Certificate of Service was submitted to

defendant: PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES DIRECTED TO

DEFENDANT, CARVANA. It was delivered by Email to The defendant's attorney, William

Brasher of Boyle Brasher Law firm and filled with the Clerk of Court, St. Louis County on 3rd

day of June 2019  wbrasher@boylebrasher.com

Richard Saddler
Pro Se
413 Genoa Drive
Manchester, MO 63021
310-428-2110
richardsaddler@yahoo.com

/s/ Richard Saddler