IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| RICHARD SADDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 19SL-CC01864 |
| vs. | ) |
| | ) Division: 12 |
| CARVANA, LLC, | ) |
| | ) |
| Defendant. | ) |

## CARVANA, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW Carvana, LLC ("Carvana"), by and through its counsel, Boyle Brasher LLC, and for its Memorandum in Opposition to Plaintiff's Motion for Temporary Restring Order states as follows:

Plaintiff's request for a Temporary Restraining Order (TRO) arises out of a retail installment contract for the purchase of a vehicle from Carvana and Carvana's efforts to issue a title to Plaintiff. Despite repeated requests to Plaintiff to provide it with the **original** emissions test report which is required under Missouri law to register and issue a title for the vehicle, Plaintiff has refused to provide the **original**.[1] Upon receipt of the **original** emissions test, a title can be provided to plaintiff. It is the failure of Plaintiff to provide the **original** of the emissions test report that has delayed the issuance of the title. Indeed, Carvana provided Plaintiff with three (3) pre-paid FedEx return envelopes to return the **original** emissions test report so that the vehicle could be properly registered and titled in this State as well as a rental car for him to utilize during this process. Plaintiff failed to return the **original** emissions test report, as he was required to do.[2] Because of the failure to provide the **original** of the emissions test report,

---

[1] Plaintiff insisted on performing the emissions testing procedure himself when the vehicle was delivered to him in September of 2018.

19SL-CC01864                                                                                      Page 1 of 5

Carvana advised Plaintiff that if he did not provide the requested documents to return the vehicle and if the vehicle was not returned "Carvana may have to retake the vehicle." Plaintiff's motion seeks to preclude Carvana from "retaking Plaintiff's vehicle."

Plaintiff's Motion for Temporary Restraining Order should be denied. Plaintiff has not alleged any facts in his unverified Motion for Temporary Restraining Order nor in his verified Petition (Exhibit 1) which he refers to in his request for a TRO (Exhibit 2) which entitle him to a TRO.

A TRO, like an injunction is an extraordinary and harsh remedy and should not be employed where there is an adequate remedy at law. *Goerlitz v City of Maryville*, 333 S.W.3d 450, 455 (Mo. banc 2011). To obtain a TRO Plaintiff must demonstrate that (1) he has no adequate remedy at law; and (2) irreparable harm will result if the TRO is not granted. *City of Greenwood v. Marietta Materials, Inc.*, 311 S.W.3d 258, 265 (Mo. App. W.D. 2010). A TRO will not be granted where there is a remedy at law. *Eberle v. State*, 779 S.W.2d 302, 304 (Mo. App. E.D. 1989).

Plaintiff's Petition clearly demonstrates he has adequate remedy at law should Carvana elect to reacquire the vehicle purchased from it as it is entitled to do under the retail installment contract. Plaintiff has alleged damage claims in Count I, Fraud, as follows:

> Wherefore Plaintiff prays for an award of his actual damages, punitive damages in amounts that are fair and reasonable, for an order declaring the contract void and rescinding the transaction, for the costs of this action, and for such other and further relief as this Court deems just and proper.

---

[2] Carvana subsequently cancelled its complementary rental car when it became evident that Plaintiff was undertaking no steps to comply with his obligations under the retail installment contract.

In Count II, Violation of the Missouri Merchandising Practices Act, Plaintiff alleges the Plaintiff is entitled to "...actual damages, punitive damages, equitable relief, attorneys [sic] fees, and costs...". Plaintiff has alleged damage claims in Count II, as follows:

> Wherefore Plaintiff prays this Court declare the purported sale void and rescinded, award Mr. Saddler his actual damages, punitive damages in amounts that are fair and reasonable, his reasonable attorneys [sic] fees, and the costs of this action.

In both Counts I and II the equitable relief which Plaintiff seeks is an "order declaring the contract void and rescinding the transaction for the sale of the vehicle," in Count I. In Count II, Plaintiff requests that "the purported sale be void and rescinded...".

Additionally, Plaintiff's request for a TRO is inconsistent with his request to rescind the contract of sale for the vehicle.

Plaintiff's draft TRO Order (Exhibit 3) actually seeks to compel Carvana LLC to:

> harass or offer threats to take any property belonging to Mr. Saddler, not limited to the 2015 GMC Terrain Denali the Defendant sold to Saddler.

Despite the apparent misstatement in the draft Order, Plaintiff's request to rescind the sales agreement requested in the Petition he purports to incorporate in his unverified request for a TRO further confirms he has an adequate remedy at law and will suffer no irreparable harm by denial of his TRO.

Plaintiff's Petition which seeks monetary damages and request to rescind the sales agreement is to preclude Defendant from reacquiring the vehicle is inconsistent with his request for a TRO. Additionally, Carvana has no intention of reacquiring the vehicle provided Plaintiff cures any default in his monthly payments[3] and provides the documentation necessary to issue title to the vehicle to Plaintiff.

---

[3] Plaintiff is, in fact, in default under the retail installment contract as he failed to make his monthly payment of $527.00 for the month of May 2019.

Finally, in order to obtain a TRO, Plaintiff must establish a reasonable probability of success on the merits of his claim. Plaintiff's reliance on R.S.Mo. § 310.210.4 in Count I and Count II provides no support for Plaintiff's claims. The unambiguous language of this statute makes clear that it only applies to the "sale or transfer of ownership of a motor vehicle . . . **for which a certificate of ownership has been issued**. . ." § 310.210.1 R.S.Mo.  The vehicle sold to Plaintiff was previously registered and titled in New York, not Missouri.  Therefore, no certificate of ownership exists, and Section 310.210 does not apply to these circumstances and provides Plaintiff with no avenue for relief.  Furthermore, in order to obtain a certificate of ownership, which is necessary to register the vehicle in this State (and therefore to title it in this state), an applicant **must** submit an emissions test report pursuant to R.S.Mo. § 301.190.10.  Put simply, Plaintiff has no reasonable probability – no probability whatsoever – of success on the merits of his claim, and his request for a TRO should be denied. *State ex rel. Dir. of Revenue, State of Mo. v. Gabbert*, 825 S.W.2d 838 (Mo. banc 1996).

WHEREFORE, Defendant respectfully request Plaintiff's Motion for Temporary Restraining Order be denied and that it be granted such other relief the Court deems just and proper.

Respectfully submitted,

**BOYLE BRASHER LLC**

/s/ William A. Brasher
William A. Brasher, #30155
1010 Market Street, Ste. 950
St. Louis, Missouri 63104
P: (314) 621-7700
F: (314) 621-1088
wbrasher@boylebrasher.com

*Attorneys for Defendant*
*Carvana, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 24, 2019** the foregoing was electronically filed with the County of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to all parties. This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

BY:   /s/ William A. Brasher