## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| **RICHARD SADDLER** | ) | |
| | ) | Cause No. 4:19-cv-01646-HEA |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CARVANA, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND  IN SUPPORT THEREOF

Plaintiff, Richard Saddler (Saddler) hereby moves this Court, pursuant to 28 U.S.C. § 1447(c), for an order remanding this case to the Twenty-First Judicial Circuit Court of the State of Missouri. In support thereof He states the following:

## BACKGROUND

This case is an action arising from a fraudulent sale of an automobile sold by Carvana Holdings LLC (Defendant) to Mr. Richard Saddler (Plaintiff). On the 21st day of September 2018 the Defendant fraudulently sold the Plaintiff for the second time a used car. Mr. Saddler agreed to obtain an emission inspection and provide the results to Carvana in order to receive the certificate of title so he may obtain proper Missouri registration. Mr. Saddler obtained the emissions inspection as requested and submitted it to Carvana. Carvana refused to accept the passing emissions inspection report. Mr. Saddler offered to have Carvana refund the license and registration fee which was added to his loan, including any associated fees and or interest expense and he would obtain the titling and registration himself. Again Carvana refused. Shortly after Carvana sent Mr. Saddler an email threatening to take his car, (see *exhibit A)*, that states in part if you don't contact us by "April 29,2019" "we may have to retake it". Therefore, as of today, pursuant to §301.210 RSMO & §407.025 RSMO, Carvana is in violation of Missouri state

law of which this action is rested upon. Due to Carvana's fraudulent activity and to protect his interest in the subject automobile. Mr. Saddler filed suit against Carvana on May 13, 2019 in St. Louis County Circuit Court. In addition he filed for a TRO on May 15, 2019 and was given the TRO by the Duty Judge on the 16th of May 2019. In the following hearing the presiding Judge determined that the Defendant wasn't given proper notice. The presiding Judge therefore set a hearing for the TRO on June 18, 2019 letting the prior TRO expire.

## **SUMMARY OF ARGUMENT**

This court lacks removal jurisdiction because the complaint brings only state law claims for unlawful merchandising practices, under §407.020 and sale and transfer of a vehicle statue §301.210 of the Missouri Revised Statutes.

## **FACTS**

1. Defendants maintain a website in which they offer and solicit the selling of used automobiles and the auto financing in Missouri to Missouri consumers.

2. Defendants have at all times relevant, regularly engaged in soliciting, selling, and Financing auto loans to Missouri consumers in varying amounts from approximately $10,000 to $85,000.

3. Loans made by the Defendants are payable in monthly installments, with interest rates that exceed 19%.

## **BURDEN OF PROOF**

On a motion to remand, the removing party has the burden of proving that removal was proper and the federal court has jurisdiction. State ex rel. Webster v. Best Buy Co., Inc., 715 F. Supp. 1455, 1456 (E.D. Mo. 1989). To meet this burden, a defendant must overcome a "strong presumption" against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Arnold v. First Greensboro Home

Equity Inc., 327 F.Supp.2d 1022, 1025 (E.D.Mo. 2004); See also Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997). There is a presumption in favor of remand. City of University City v. AT&T Wireless Services, Inc., et al., 229 F.Supp.2d 927, 933 (E.D. MO, 2002). Further, any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. State of Mo. ex rel. Webster v. Freedom Financial Corp. 727 F.Supp. 1313, 1315 (W.D.Mo., 1989) citing Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100 (1941). The removing party bears the burden of showing that all prerequisites to jurisdiction are satisfied. Dorsey v. Sekisui America Corp., 79 F.Supp.2d 1089 (E.D. Mo. 1999).

## Legal Standard

"A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action." *Knox v. St. Louis City Sch. Dist.*, 2018 U.S. Dist. LEXIS 209123, at *2 (E.D. Mo. Dec. 12, 2018) "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Generally speaking, a federal court's subject-matter jurisdiction over a case must be based on either [a] federal question . . . or diversity." *Miller v. Clark*, 2013 U.S. Dist. LEXIS 196713, at *1 (W.D. Mo. June 14, 2013). The party asserting federal jurisdiction has the burden to prove the federal court has the power to hear the case. *Suppes v. Katti*, 2016 U.S. Dist. LEXIS 143705, at *3 (W.D. Mo. Oct. 18, 2016). As discussed below, both federal question and diversity jurisdiction are lacking in this case.

### A. Diversity Jurisdiction

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). If any plaintiff is a citizen of the same state as any defendant, diversity jurisdiction does not exist. *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

### B. Federal Question Jurisdiction

"Federal-question jurisdiction exists when the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 906 (8th Cir. 2005) (internal quotation marks and citation omitted).When considering a Rule 12(b)(1) motion to dismiss, a movant seeking dismissal may assert either a facial or factual attack on subject matter jurisdiction. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

A facial attack looks only to the face of the pleadings, but a factual attack may consider matters outside the pleadings. *Knox*, 2018 U.S. Dist. LEXIS 209123, at \*3 (citing *Croyle by and through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018)). Under a facial attack, the movant "asserts that the [complaint] fails to allege sufficient facts to support subject matter jurisdiction." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (internal quotation marks and citation omitted). When considering a facial attack, the court restricts itself to the face of the pleadings, and the nonmovant receives the same protections as it would defending against a Rule 12(b)(6) motion. *Id.* "Therefore, a court considering a facial attack on the court's subject matter jurisdiction must: (1) evaluate whether the asserted jurisdiction basis is patently meritless by looking to the face of the [pleading] . . . and drawing all reasonable inferences in favor of the pleader, and (2) presume all of the factual allegations concerning jurisdiction are . . . true." *Knox*, 2018 U.S. Dist. LEXIS 209123, at \*3-4 (internal quotation marks and internal citations omitted). "The 12(b)(1) motion presenting a facial challenge to the court's subject matter jurisdiction is successful if the [pleader] fails to allege an element necessary for subject matter jurisdiction." *Id.* (internal quotation marks omitted).

## Discussion

### A. Diversity Jurisdiction

Plaintiffs argue remanding is proper because the Court does not have subject-matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of \$75,000, exclusive of interests and costs, and is between citizens of different States"). The amount in controversy does not exceed \$75,000 due to the fact that the total amount including finance charges is approximately \$26,489.02. The email in which Mr. Saddler sent with the interrogatories request

(*see Exhibit B1 & B2*) included an offer that was discussed during a private settlement conversation with Defense Council Mr. Thomas McFarland on May 24, 2019 in circuit court where as Mr. Saddler was told a settlement offer had to be emailed. In addition Defense Council McFarland was negotiating and hadn't been admitted (pro hac vice). Therefor all of the negotiations including my email (*see Exhibit B1*) would be tainted and inadmissible. As support to the facts stated here in see Mr. McFarland reference the earlier negation conversation

(see *Exhibits C*). In closing, due to the unscrupulous behavior of the defense council, it is clear they never intended on a settlement but tried to figure out a way to trick Mr. Saddler to move from State Court to Federal Court. Plaintiff request this case be remanded.

## ARGUMENT

I. Complaint is Well-Pleaded and Does Not Create a Federal Question

Removal based on a federal question jurisdiction is governed by the "well-pleaded-complaint-rule," which states that a federal question is present only if it is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), unaided by defendant's answer or removal notice. Thermalcraft, Inc. v. U.S. Sprint Communications Co., 779 F.Supp. 1039 (W.D. Mo. 1991). This rule makes the plaintiff the master of the claim, thus the plaintiff may avoid federal court by pleading only state law claims. Caterpillar, 482 U.S. at 392. Here, when looking solely at the well pleaded complaint, there is no federal question at issue. The complaint presents no federal question on its face. The complaint alleges solely that Defendant in this case has sold automobiles illegally on multiple occasion to Plaintiff in violation of Missouri law. This claim requires only the interpretation of Missouri laws. There is no Federal Law that supports the Plaintiffs claim. This case in part is distinguished from Grable (cited in Defendants' Notice of Removal, ECF Doc. 1, ¶ 10) in that Grable required the interpretation of federal tax law, whereas in this case there need not be any interpretation of a federal consumer law. Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg,, 545 U.S. 308 (2005). A federal question exists only where "federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar, U.S. at 386, and thus here, no federal question exists. The well-pleaded complaint rule provides that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the

defense is anticipated in the plaintiff's complaint. Lyons v. Philip Morris Inc., 225 F.3d 909, 912 (8th Cir. 2000). However, this rule is inapplicable if it is evident that Congress has intended for federal law to completely supplant state law. Id.; Noel v. Laclede Gas Co., 612 F.Supp.2d 1061 (E.D. Mo. 2009). The Supreme Court has found complete preemption in only three instances: certain cases under the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6–11 (2003). Here, defendants fail to make this claim. Their Notice nowhere cites a federal statute in which Congress "wholly displace[d]" the State's state-law causes of action and in which it provided "procedures and remedies governing that cause of action." Beneficial, 539 U.S. at 8. This, alone, should compel remand.

The Plaintiff's recitation of the forum and choice of law selection clauses in the complaint are included as allegations in the complaint merely to provide the factual support to show that Defendant uses these provisions to deceive Plaintiff and other Missouri consumers and violate public policy.

It would also be unreasonable to apply these clauses upon Missouri consumers. On public policy grounds, Missouri has a strong interest in allowing its residents the protection of its consumer protection laws. Allowing a waiver of these protections would be against public policy. "Having enacted paternalistic legislation designed to protect those that could not otherwise protect themselves, the Missouri legislature would not want the protections of Chapter 407 to be waived by those deemed in need of protection." Huch v. Charter Communications, Inc., 290 S.W.3d 721, 725-26 (Mo. banc 2009). Like here, in Huch, the plaintiffs brought a claim under Chapter 407, the Merchandising Practices Act, and the court refused to apply the forum selection clause, stating:

The Missouri statutes in question, relating to merchandising and trade practices, are obviously a declaration of state policy and are matters of Missouri's substantive law. To allow these laws to be ignored by waiver or by contract, adhesive or otherwise, renders the statutes useless and meaningless. Id. at 726.

Because this court does not have subject matter jurisdiction over this case Plaintiff requests that the court remand this action to the Twenty-First Judicial Circuit and award the Plaintiff costs and fees, together with all such further relief as the Court deems just.

Respectfully
submitted,

Richard Saddler
Pro Se Plaintiff
413 Genoa Dr.
Manchester, MO. 63021
richardsaddler@yahoo.com

Certificate of Service

On this 18th day of June, 2019, a copy of the attached Motion was hand delivered to the

defense council and to the Clerk of Court, to the following addresses respectfully:

William A. Brasher, #30155MO
Allison E. Lee, #61626MO
Boyle Brasher LLC
1010 Market Street, Suite 950
St. Louis, MO 63101
P: 314-621-7700
F: 314-621-1088
wbrasher@boylebrahser.com
alec@boylebrasher.com

## Final Notice: Carvana Title & Registration

From: Registration (registration@carvana.com)

To:   ricksaddler@yahoo.com

Date:   Wednesday, April 24, 2019, 08:33 AM CDT


April 24, 2019


Richard Saddler
413 Genoa Dr
Manchester, Missouri 63021


RE: Title and Registration


Dear Juan Jazmin,

We have attempted several times to contact you by phone, text and email regarding the title and registration of the vehicle you purchased from Carvana. Additional items are required to process your registration and it's important that we hear from you within 5 days of the date on this letter. If we have not received the items requested or contact from you by the below-mentioned expiration date, you will have to return the vehicle or we may have to retake it.

**Expiration**: 4/29/2019

We believe we can work together to resolve any issue(s) you may be having. Please contact our Post Sale Operations team at 844-507-3599 at your earliest convenience.

Sincerely,
Carvana Title and Registration
registration@carvana.com


Plaintiff
Exhibit A



Find messages, documents, photos or people

RE: Carvana    Registration    Re: Final Notice    Saddler v. Carvar    **PLAINTIFF'S FIRS**

Compose    ← Back    Archive    Move    Delete    Spam    •••

**PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES**    Yahoo/Sent
**DIRECTED TO DEFENDANT  2**

**Richard Saddler** <richardsaddler@yahoo.com>    Jun 2 at 9:49 PM
**To:** wbrasher@boylebrasher.com

My offer is as follows: Carvana sends me my title unencumbered and waive my loan with
Bridgecrest at Carvana's expense. Lastly $500,000 punitive damages awarded to Plaintiff. This
offer expires June 7, 2019.

Richard T. Saddler
richardsaddler@yahoo.com

**PLAINTIFF'S... .pdf**
622.6kB

From    **Richard Saddler** <richardsaddler@yahoo.com> ✓

✓  To    wbrasher@boylebrasher.com    CC / BCC

Richard T. Saddler
richardsaddler@yahoo.com

Plaintiff
Exhibit B1

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| **RICHARD SADDLER** | ) |
| | ) Cause No. 19SL-CC01864 |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CARVANA, LLC** | ) Division: 12 |
| | ) |
| **Defendant,** | ) |

### PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES DIRECTED TO DEFENDANT

Comes now plaintiff, and in accordance with the Missouri Rules of Civil Procedure, exhibits the following interrogatories, to be answered by defendant under oath and in accordance with the statutes in such cases made and provided. Each interrogatory is to be answered fully and separately.

### DEFINITIONS

A. With respect to all questions, all information is to be divulged which is within the knowledge, possession or control of the corporation or company to whom these Interrogatories are addressed, as well as the corporation or company's attorneys, investigators, agents, employees or other representatives.

If you cannot answer the following Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

B. "Defendant" or "You" or "Your company" includes the named Defendant.

C. "Predecessors" as used herein means any corporation, company, joint venture, partnership, sole proprietorship or other entity which Defendant has ever acquired through purchase, reorganization or merger.

D. "Related companies" as used herein means any corporation, company, partnership, joint venture or other entity which at any time owned more than a 10% interest in Defendant. "Related companies" also means any company, corporation, partnership, joint venture or other entity in which Defendant at any time owned more than a 10% interest.

Plaintiff
Exhibit B2

E. "Document" includes, without limitation, books, records, writings, notes, letters, correspondence with whomever, memoranda and recordings in possession or control of Defendant or Defendant's attorneys, investigators, agents, or employees. Such reference to documents includes originals and copies, microfilms and transcripts made, recorded, produced or reproduced by any means and every means. "Document" also includes the content of any applicable computer database.

F. Where used with respect to documents, "identify" means to give the date, title, origin, author and addressee (where appropriate) to enable Plaintiffs to retrieve it from a file; and, further, "identify" means to give the name, address, position or title of the person who has custody of the document. Whenever identification is requested and Defendant is willing to produce the documents voluntarily for inspection and copying without the necessity of Plaintiffs' filing a motion to produce, Defendant may respond by stating when and where the document may be inspected, or by attaching a copy of the requested document to the answers to these Interrogatories.

INTERROGATORY NO.1: As to the person(s) answering these Interrogatories, state:

a. Name;
b. Title or position with Defendant;
c. Business address;
d. Length of time employed by Defendant;
e. State year by year all other positions, titles or jobs you have held with the Defendant;
f. The years during which Defendant has been licensed to do business within the State of Missouri.

ANSWER:

INTERROGATORY NO. 2: Has the person answering these Interrogatories made reasonable inquiry of all available sources of information such that Plaintiffs may rely on these answers as the truthful and complete answers made on behalf of this answering Defendant?

ANSWER:

INTERROGATORY NO. 3: State the proper legal name and the present address of the principal place of business of each of Defendant's related companies and/or affiliates. For each related company identified, please state:

a. Whether or not the company is licensed to do business in the State of Missouri;

b. The business relationship between the company and Defendant;

c. The nature of the products or services that Defendant sells to or purchases from the company;

d. The type of business the company conducts within the State of Missouri;

e. Whether or not the company advertises Defendant's products or services within the State of Missouri;

f. Whether or not the company sells Defendant's products or services within the State of Missouri; and, if so, the approximate value of those sales or services during 2013 to present;

g. Whether or not the company pays any type of taxes to the State of Missouri or any political body located within the State of Missouri;

h. Whether or not Defendant has any control, directly or indirectly, over the company's advertising of Defendant's products or services.

ANSWER:

INTERROGATORY NO. 4: State the following concerning this Defendant:

a. Full and correct name:

b. Principal place of business:

c. State of incorporation:

d. Date of incorporation, and name of corporation;

e. Is this Defendant authorized to transact business in the State of Missouri? If so, state the date such authority was first issued and last renewed:

f. Does this Defendant have an agent, representative, or place of business in Missouri? If so, state the name and address of such agent, representative or other place of business;

g. Does this Defendant have an agent for service in the State of Missouri?

h. If so, state the name and address of the registered agent.

ANSWER:

INTERROGATORY NO. 5: In this litigation, has this Defendant been sued under its correct name?

> If not, state the correct legal name of the Defendant and provide the information requested in No. 4 above concerning the Defendant as correctly named.

ANSWER:

INTERROGATORY NO. 6: Has this Defendant ever acquired through purchase, reorganization or merger another corporation, company, or business and/or has this Defendant spun off from a parent company which sells used automobiles?

ANSWER:

INTERROGATORY NO.7: If the answer to Interrogatory No. 6 is "Yes", then state the following concerning such predecessor:

a. Full and correct name;
b. The principal place of business;
c. State of incorporation;
d. Date of acquisition by Defendant;
e. Date of spin off or divestiture from parent company;
f. Was this business authorized to transact business in the State of Michigan?
g. Attach copies of all papers pertaining to the acquisition.

ANSWER:

INTERROGATORY NO. 8: List all current directors and officers of Defendant, and for each state the following:

a. Present position and date(s) position has been held; and
b. All prior positions with Defendant and date(s) held.

ANSWER:

INTERROGATORY NO. 9: Describe in detail Defendant's complete corporate/business history, including, but not limited to, date(s) of incorporation, and any and all mergers, consolidations, re-incorporations, predecessors, subsidiaries, prior names, name changes, asset purchases, acquisitions or spin-offs.

ANSWER:

INTERROGATORY NO. 10: What is the name, address, and the job title of each individual who participated in the decision to implement the Defendant's delivery process?

ANSWER:

INTERROGATORY NO. 11: Do any written memoranda, advertisements or other written materials of any kind or character relating to the implementation of the delivery process prior to September 21, 2018 exist?

ANSWER:

INTERROGATORY NO. 12: If so, please state:

a. List each written material or document:
b. Who presently has possession of each such document;
c. Where is it located?

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS #1: Please attach a copy of each document(s) set forth in Answer 12a.

INTERROGATORY NO. 13: Do any written memoranda, advertisements or other written materials of any kind or character relating to the delivery process prior to September 21, 2018 exist?

ANSWER:

INTERROGATORY NO. 14: If so, please state:

a. List each written material or document:
b. Who presently has possession of each such document;
c. Where is it located?

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS #2: Please attach a copy of each document set forth in Answer 14a.

INTERROGATORY NO. 15: Is Defendant, as of the date of answering these Interrogatories, still operating under the same delivery process as mentioned in answer 14a or has the delivery process since changed?

ANSWER:

INTERROGATORY NO. 16: If the delivery process has changed please state:

a. List each material or document with regarding to the change of process;
b. The date the change went into effect;
c. The reason for the change;

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS #3: Please attach a copy of each document set forth in Answer 16a.

INTERROGATORY NO. 17: Was it a foreseeable at the time of the delivery of Mr. Saddler's car that the Defendant's delivery process was in violation of Missouri state law?

ANSWER:

INTERROGATORY NO. 18: Are you aware of any statement made by plaintiff regarding all occurrences mentioned in the petition, whether oral, written or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph, or other recording, or transcription thereof, and, if so, state the following:

a. Date, place, and time taken;
b. Name and addresses of all persons connected with taking it;
c. Names and addresses of all persons present at the time it was taken;
d. Whether the statement was oral, written, shorthand, recorded, taped, etc.;
e. Was it signed?
f. Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made;
g. Please attach an exact copy of the original of the statement, interview, report, film, or tape to your answers to these interrogatories; if oral; please state verbatim the contents thereof.

ANSWER:

INTERROGATORY NO. 19: List and identify:

a. Each person this defendant expects to call as an expert witness at trial, stating for each such expert:
   i. Name:
   ii. Address;
   iii. Occupation
   iv. Place of Employment
   v. Qualifications to give an opinion (if such information is available on an expert's curriculum vitae you may attach a copy thereof in lieu of answering this interrogatory subpart);
b. With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.
c. Identify each non-retained expert witness, including a party, who the plaintiff expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

ANSWER:

INTERROGATORY NO. 20: With regard to the vehicle which was sold to the plaintiff, please list the following:

a. From whom was the vehicle purchased? Include name, address and telephone number.
b. For how much was the vehicle purchased?
c. Nature of the transaction: for example, was it financed or was it a cash deal?
d. Please attach all the documentation pertaining to the acquisition of the subject vehicle. Attach the deal and/or transaction file.
e. List all representations to this defendant received from the seller of the vehicle upon acquisition.
f. What was the odometer reading when the vehicle was acquired by this defendant?
g. List all representations this defendant made to the plaintiff or the subsequent purchaser of the car. To whom were they made and when?

INTERROGATORY NO. 25: In conjunction with the sale of the vehicle from the defendant to the plaintiff, please list any representations which were made from this defendant to the plaintiff. Please include the following:

a. Date, time and place of representation.
b. Plaintiff's response to defendants' representations.
c. Reason for making representations.

ANSWER:

INTERROGATORY NO. 26: List all conversations between the plaintiff and the defendant pertaining to the purchase of the vehicle. Please include the following:

a. Exact statement as indicated by the plaintiff.
b. Reason for statement.
c. Date, time and place of statement.
d. Any witnesses to the statement.

ANSWER:

INTERROGATORY NO. 27: Has this defendant ever been convicted of a crime?

ANSWER:

INTERROGATORY NO. 28: Has this defendant ever been subject to any lawsuit either civil or otherwise in the past five (5) years? If so, please set forth the nature and extent of the allegations as well as the ultimate outcome.

ANSWER:

INTERROGATORY NO. 29: Did the vehicle that the plaintiff purchased/acquired from the defendant have any damage that this defendant was aware of? If so, please explain what damage existed.

ANSWER:

INTERROGATORY NO. 30: Had this defendant or anyone else, including prior owners, damage the subject vehicle before this defendant sold the car to the plaintiff?

ANSWER:

INTERROGATORY NO. 31: Was there damage, which the subject vehicle sustained, which was not discovered by this defendant upon inspection? If the answer is yes, please explain why the damage was not discovered upon your inspection.

ANSWER:

INTERROGATORY NO. 32: List everything this defendant did to insure that all representations made to the plaintiff(s) were accurate and truthful?

ANSWER:

INTERROGATORY NO. 33: If this defendant did nothing to assure its representations were accurate, please set forth the reasons supporting your answer.

ANSWER:

INTERROGATORY NO. 34: List all facts supporting your defense that you did not commit an act of Consumer Fraud.

ANSWER:

INTERROGATORY NO. 35: List every document that is contained in the deal jacket. If any documents that should be in the deal jacket are not there, explain why the document(s) are missing.

ANSWER:

INTERROGATORY NO. 36: List all facts you intend to rely upon at the time of trial.

ANSWER:

INTERROGATORY NO. 37: List all of the defendant's employees who have knowledge of any facts in this case. Describe the extent of their knowledge.

ANSWER:

INTERROGATORY NO. 38: Has the state of Missouri issued Carvana a waiver and or indemnities of any kind that would allow Carvana to bypass issuing a certificate of title at the time of delivery? If so, please provide a copy of said waivers or indemnities.

ANSWER:

Respectively Submitted,

/RS/

Richard Saddler
Pro Se Plaintiff

**Certificate of Service**

On this 2nd day of June 2019 this Certificate of Service was submitted to defendant: PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES DIRECTED TO DEFENDANT, CARVANA. It was delivered by Email to The defendant's attorney, William Brasher of Boyle Brasher Law firm and filled with the Clerk of Court, St. Louis County on 3rd day of June 2019
wbrasher@boylebrasher.com

/RS/

Richard Saddler

## Saddler v. Carvana

From:  Thomas McFarland (TMcFarland@gsrm.com)

To:      richardsaddler@yahoo.com

Cc:      alee@boylebrasher.com; wbrasher@boylebrasher.com; tnoble@gsrm.com

Date:   Monday, June 17, 2019, 04:28 PM CDT


Mr. Saddler,


I write to renew the proposal made during the May hearing on your request for a TRO, regarding the original emissions report. As before, if you provide a current, original emissions report, Carvana stands ready to register and title the vehicle in Missouri. Thanks, and we look forward to seeing you tomorrow.


Regards,


**Thomas McFarland**

Gullett Sanford Robinson & Martin PLLC

150 Third Avenue South | Suite 1700 | Nashville, TN 37201

Phone | 615.921.4214  Fax | 615.256.6339

tmcfarland@gsrm.com | gsrm.com


CONFIDENTIALITY NOTICE: This email may contain privileged, confidential and/or other legally-protected information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, you may not use, copy or retransmit it. Please delete it and all attachments immediately and notify the sender via separate email or by calling our offices at 615-244-4994.

Plaintiff
Exhibit C

h. Did this defendant perform an inspection on the vehicle upon acquisition or at any time?
   If so, please set forth the nature and extent of the inspection as well as attaching any
   documentation pertaining to the inspection of the vehicle.

ANSWER:

INTERROGATORY NO. 21: During these defendants' term of ownership, please list all
mechanical work or bodywork which was done to the vehicle. Please set forth the following:

   a. Reasons for the work?
   b. The exact date(s) on which the work was done.
   c. Who performed the work?
   d. What amount of money was paid to the individual(s), if any, who performed the work?
   e. The reason for the work being performed?

ANSWER:

INTERROGATORY NO. 22: During the term of this defendants' ownership, please list any and all repair facilities, garages or individuals who inspected, performed any alterations, or performed any mechanical or body work on the vehicle.

ANSWER:

INTERROGATORY NO. 23: During these defendants' term of ownership, please list any and all official State Inspections or any other inspections for any reason which was done on the subject vehicle. Please set forth the following:

a. Date of the inspection.
b. Place of inspection.
c. Reason for inspection.
d. Result of inspection.
e. List each part of the car inspected and why.
f. Please attach any paperwork and/or documentation confirming that the vehicle was inspected.

ANSWER:

INTERROGATORY NO. 24: Did this defendant advertise the subject vehicle in any newspaper and/or publication? If so, please set forth the following:

a. Date advertised.
b. Exact content of advertisement.
c. Reason for running advertisement.
d. Name and address of periodical running advertisement.

ANSWER: